## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## (BID PROTEST)

|  |  |  |
|---|---|---|
| **TELLUS STRATEGIES, LLC** | ) | |
| | ) | **Case No. 1:25-CV-02186-KCD** |
| **Plaintiff,** | ) | |
| | ) | **Judge Kathryn C. Davis** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### EXACTA SOLUTIONS, LLC's UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, Exacta Solutions, LLC ("Exacta") respectfully files this Motion to Intervene in the above-captioned matter and requests that it be allowed to intervene in this case.

The protest involves Solicitation No. HM0476-21-R-0023, issued by the National Geospatial-Intelligence Agency ("NGA" or "Agency"). Exacta is an intended awardee under the Solicitation and is therefore an interested party. Exacta is entitled to intervene in this action as a matter of right under RCFC 24(a)(2), which provides that:

> On timely motion, the court must permit anyone to intervene who:…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2). Under this rule, Exacta's intervention is proper and Exacta has the right to intervene.

Exacta's Motion is timely. Tellus Strategies, LLC ("Tellus") filed its protest in this Court on December 30, 2025, but Exacta did not receive notice of this protest prior to its filing as required

by Appendix C of the Court's Rules. Exacta first learned of this protest on January 6, 2026 and filed this Motion shortly thereafter. Exacta also has a compelling interest that could be impaired by the adjudication of this matter. Tellus is challenging a contract award made to Exacta. Therefore, Exacta has a direct economic interest in its contract with NGA and should be allowed to protect that interest with this Court. Exacta would undoubtedly be harmed if the Court granted the relief that Tellus requests.

Additionally, the existing parties do not adequately represent Exacta's interests. Exacta is in the best position to describe to the Court, if necessary, information about Exacta that is contained in the administrative record. Exacta's business interests are not identical to the institutional interests of NGA or the United States Government. Permitting Exacta to intervene does not unjustly jeopardize the business interests of Tellus or any other party.

Accordingly, there will be no prejudice to any party to allow Exacta to intervene in this matter now, but there would be significant prejudice to Exacta if it were denied its right to intervene. Therefore, to the extent that the Court determines that Exacta is not permitted to intervene as of right, it should still be permitted to intervene in accordance with RCFC 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who:… has a claim or defense that shares with the main action a common question of law or fact." RCFC 24(b)(1)(B). Exacta's potential claims and defenses related to NGA's evaluation of its proposal have common questions of law and fact with the issues that are presented in Tellus's protest. As Tellus's protest was recently filed on December 30, 2025, granting intervention by Exacta will also not unduly delay the adjudication of any of the original parties' rights. Thus, Exacta should be permitted to intervene in this protest.

Exacta's counsel has contacted the Government's counsel and Tellus's counsel to confirm

that they do not oppose Exacta's intervention. Both the Government and Tellus confirmed that they do not have any objection.

## **CONCLUSION**

Therefore, for the foregoing reasons, the Court should find that Exacta is entitled to intervene as a matter of right under RCFC 24(a)(2) or by permission under RCFC 24(b). A proposed order has been attached to this Motion as Exhibit 1.

Dated: January 8, 2026

Respectfully submitted,

 _/s/ Joshua A. Mullen_
Joshua A. Mullen (TN Bar 28388)
WOMBLE BOND DICKINSON US LLP
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
Tel: (202) 857-4522
Email: Josh.Mullen@wbd-us.com
*Counsel for Record for Exacta Solutions, LLC*

*Of Counsel*
Matthew P. Delfino
WOMBLE BOND DICKINSON US LLP
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
Tel: (629) 312-1815
Email: Matt.Delfino@wbd-us.com

3